97 F.3d 593
 321 U.S.App.D.C. 136
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, et al., Petitioners,
v.
SURFACE TRANSPORTATION BOARD & United States of America, Respondents,
Union Pacific Railroad Company, et al., Intervenors.
 No. 95-1521.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 11, 1996.
 
 Petition for Review of an Order of the Surface Transportation Board.
 S.T.B.
 REVIEW DENIED.
 Before: WALD, SILBERMAN, and SENTELLE, Circuit Judges
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause was considered on the petition for review of an order of the Surface Transportation Board, and was briefed by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the petition for review of the order of the Surface Transportation Board is hereby denied. Petitioners seek to revoke--or, in the alternative, to discover facts relating to--a certification exemption granted to the Dakota, Minnesota & Eastern Railroad Corporation (DM & E) in its 1986 acquisition of rail line from Chicago and North Western Transportation Company (CNW), on the ground that the exemption falsely stated that DME was not controlled by CNW. In support of their claims, petitioners have presented only preliminary statements made, and later disavowed, by a DM & E attorney in a 1993 proceeding before the Commission. In light of the considerable deference we give to the Commission on its decision not to revoke an exemption (as well as the substantial evidence supporting the Commission's determination that DM & E was not controlled by CNW), and given that the issue of control has been extensively litigated, see Railway Labor Executives Ass'n v. Chicago & North W. Transp. Co., Civ.Act. No. 86-738 (D.Minn.) (Jan. 7, 1987), aff'd, 848 F.2d 102 (8th Cir.1988), vacated and remanded, 492 U.S. 901 (1989) (per curiam), rev'd on other grounds, 890 F.2d 1024 (8th Cir.1989), cert. denied, 497 U.S. 1003 (1990); Union Pacific Corporation, et al.--Control--Chicago and North Western Transportation Company and Chicago and North Western Railway Company, Finance Docket No. 32133 (Feb. 21, 1995), we decline to revoke the exemption or compel additional discovery. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.